***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Argued and submitted March 8, affirmed April 19, 2023

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

COLIN CHRISTOPHER OWENS,
*Defendant-Appellant.*

Clackamas County Circuit Court
20CR54636; A175936

Katherine E. Weber, Judge.

Stacy M. Du Clos, Deputy Public Defender, argued the cause for appellant. Also on the reply brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services. On the opening brief were Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Mary M. Reese, Deputy Public Defender.

Jonathan N. Schildt, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Tookey, Presiding Judge, and Egan, Judge, and Kamins, Judge.

KAMINS, J.

Affirmed.

**KAMINS, J.**

Defendant appeals from his judgment of conviction for assault in the second degree, ORS 163.175, and raises two assignments of error. In the first, defendant contends that the prosecutor's closing argument impermissibly commented on his exercise of his constitutional right against self-incrimination. He argues in the second that the trial court erred in allowing an officer to testify remotely. We affirm.

We reject defendant's first assignment of error. When viewed in context, the prosecutor's comments were not a reference to defendant's silence post-invocation, but instead were highlighting the inconsistencies between his trial testimony and his statements at the scene prior to invoking. *See State v. Ragland*, 210 Or App 182, 191, 149 P3d 1254 (2006) (observing that the prosecutor could permissibly have asked about discrepancies between the defendant's statements to the officer and her testimony at trial). Additionally, during cross-examination, the prosecutor asked defendant questions related to the discrepancies between what he told police and his testimony at trial, and defendant does not challenge the propriety of those questions on appeal. Thus, even if the prosecutor's statements during closing argument could be construed as *also* referencing defendant's silence post-invocation, it would be harmless given the way the trial unfolded. *See id.* at 190 ("A question or comment made in passing that touches on a defendant's exercise of Fifth Amendment rights does not necessarily require reversal of a conviction[.]"); *State v. House*, 282 Or App 371, 379, 385 P3d 1099 (2016) ("To determine whether it is reversible error to admit evidence of a defendant's exercise of his or her rights, we look to the likelihood that the jury would draw a prejudicial inference.").

We reject the second assignment of error because, even assuming that error occurred, it was harmless beyond a reasonable doubt, because the officer's testimony was cumulative of other testimony presented at trial and otherwise was not in dispute. *See Coy v. Iowa*, 487 US 1012, 1021-22, 108 S Ct 2798, 101 L Ed 2d 857 (1988) (We "see no reason why denial of face-to-face confrontation should not be"

subject to the harmless-beyond-a-reasonable-doubt standard of *Chapman v. California*, 386 US 18, 24, 87 S Ct 824, 17 L Ed 2d 705 (1967).).

Affirmed.